UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY YESSENIA SANCHEZ RIVAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UR JADDOU, Director, United States Citizenship and Immigration Services,<br><br>Defendant. | No. 1:23-cv-00863-ADA-BAM<br><br>ORDER DENYING REQUEST TO SEAL DOCUMENTS<br><br>(ECF No. 14) |

Before the Court is the request of Defendant Ur Jaddou, Director, United States Citizenship and Immigration Services to file under seal its Motion to Dismiss ("Motion") pursuant to Local Rule 141. (ECF No. 14.) Upon review of the Motion and Plaintiffs' response, the Court denies the request for the reasons stated below.

**I.      Background**

On June 6, 2023, Plaintiffs filed a Complaint alleging unreasonable delay in the adjudication of their U Visas. The Complaint contains the names of each Plaintiff, their countries of origin, and the locations where they currently reside. (ECF No. 1.) The Complaint also contains sensitive information regarding Plaintiffs' U Visa petitions, including the nature of the crime(s) against Plaintiffs, the dates of those crimes, and the status of Plaintiffs' U Visa petitions. (*Id.*) On October

1

3, 2023, Defendant filed a notice of request to seal its Motion. (ECF No. 14.) In an email to the Court, Defendant indicated that Plaintiffs opposed the request but did not provide any details about Plaintiffs' position. (ECF No. 15.) The Court directed Plaintiffs to file a response to Defendants' request to seal by October 6, 2023. (*Id.*) Plaintiffs filed their Response on October 6, 2023, opposing the request to seal. (ECF No. 16.)

## II.     Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). The federal common law right of access "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Id*. (citations and quotation marks omitted).

"[T]he court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

## III.     Discussion

Defendant seeks to seal the Motion, over Plaintiffs' objections, on the basis of 8 U.S.C. § 1367(a)(2). This statute prevents Defendant from disclosing, with a few exceptions, "any information which relates to an alien who is the beneficiary of an application for relief" under certain paragraphs of the Immigration and Nationality Act. 8 U.S.C. § 1367(a)(2). Given the information Plaintiffs provided in their Complaint, which was not filed under seal and is available to the public pursuant to Fed. R. Civ. P. 5.2(c), the Court does not find a compelling reason to seal the entire Motion. *See Kamakana*, 447 F.3d at 1178.

Defendant argues that information about the status of Plaintiffs' U Visa petitions is

"intertwined with the arguments in support of the Motion to Dismiss." (Request to Seal at 2.) However, Defendant has failed to point out what information, outside of the information Plaintiffs provide in their Complaint, should be sealed. *See Gonzalez v. Jaddou*, No. 4:18-CV-131-BO, 2021 WL 3686931, at *3 (E.D.N.C. Aug. 18, 2021) (denying defendants' request to seal their motion to dismiss where plaintiffs argued that the information was not sensitive and the memoranda at issue did not contain facts beyond those alleged by the plaintiffs in their publicly available complaints). Defendant has also failed to explain why redacting portions of the Motion would be impractical. *See Oregonian Publ'g Co. v. U.S. Dist. Ct. for the Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990) (holding that, if redaction can eliminate the need for sealing, the documents require redaction rather than sealing.); *see also* E.D. Cal. R. 140. Finally, Fed. R. Civ. P. 5.2(c) limits electronic access to the full record of this case. Defendant has failed to explain why this limited electronic access is insufficient to protect any interest it has in sealing the Motion. Under 8 U.S.C. § 1367(b)(3), Defendant is permitted to disclose information "in connection with judicial review of a determination in a manner that protects the confidentiality of such information."

Accordingly, the Court returns to Defendant so that it may decide how to proceed in light of this ruling. *See* E.D. Cal. R. 141(e)(1).

**IV.  Conclusion**

For the reasons stated above, it is hereby ORDERED that:

1. Defendant's request to seal documents, (ECF No. 14), is DENIED without prejudice.
2. Defendant may file a new Motion no later than October 13, 2023.

IT IS SO ORDERED.

Dated:   October 13, 2023

UNITED STATES DISTRICT JUDGE